Filed 5/27/25  P. v. Summers CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B341527 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA260968) |
| v. | |
| HIRAM ELIXER SUMMERS, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Hiram Elixer Summers appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6 (former § 1170.95).[1]

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no substantive change.  (Stats. 2022, ch. 58, § 10.)  For simplicity, we refer to the section by its new numbering.

Defendant's appointed appellate counsel found no arguable issues and filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Finding that the arguments raised by defendant in his supplemental brief lack merit, we affirm the denial of his section 1172.6 petition.

## BACKGROUND

I. *Facts*[2]

On the morning of February 20, 2004, Leavar Williams (Williams) knocked on the door of defendant's residence.  (*People v. Summers* (Nov. 28, 2005, B176847) [nonpub. opn.] (*Summers*).)  "[Defendant] answered the door.  After the two men spoke briefly, [defendant] came out of the house and swung at Williams, but he missed and fell.  As [defendant] lay on the ground, Williams kicked him twice.  [Defendant] ran into the house and came out with a shotgun. . . .  [Defendant] fired two shots, and Williams began running down Figueroa Street."  (*Ibid.*)

"As Williams ran down the street, [defendant] got into his van and followed him down Figueroa Street."  (*Summers*, *supra*, B176847)  Sedrick Johnson (Johnson) "saw Williams walk[] across the street" and "throw his arm up in the air.  [Johnson] then saw a van drive by and make a U-turn.  Williams walked toward the van.  He did not appear to be angry or agitated and he did not have a weapon.  As he stood two or three feet from the van, he exchanged words with the driver.  Johnson then heard a 'pop.'  As the van sped off, Williams ran towards Johnson, holding his side and calling for help, stating that he had been shot."  (*Ibid.*)

---

[2]     We provide these facts, drawn from our nonpublished opinion in defendant's direct appeal from his conviction, for context only.

"After the shooting, [defendant] returned to his house" looking "'very hysterical.'" (*Summers*, *supra*, B176847.) Defendant stated that "he had 'shot that boy'[3] but he did not know for sure whether he had killed him." (*Ibid.*)

"Williams died as a result of a bullet that entered and emerged from his right upper arm and entered his abdomen. . . . A .22-caliber bullet was recovered from his body." (*Summers*, *supra*, B176847.) "A search of [defendant]'s residence pursuant to a search warrant . . . disclosed a loaded .22-caliber rifle in an attic crawl space, and two boxes of .22-caliber ammunition were found under blankets in a trash can. A .22-caliber brass casing was found in the laundry room." (*Ibid.*)

Defendant testified that Williams had approached his van, "leaned into the van, spit, and tried to grab [defendant]'s rifle with his left hand. [Defendant] pulled the rifle away with his left hand, lifting it over the steering wheel. As [defendant] leaned over, he hit the gas pedal and the van hit the curb. The gun went off." (*Summers*, *supra*, B176847.) Defendant "claimed that he did not intend to kill Williams and that, if he did, he would have shot Williams when Williams was in front of his house or before Williams crossed the street towards his van." (*Ibid.*)

II. *Procedural History*

    A. <u>Conviction and sentencing</u>

In 2004, a jury found defendant guilty of first degree murder. (§ 187, subd. (a).) As to the murder, the jury found true the allegation that defendant personally and intentionally discharged a firearm causing great bodily injury and death.

---

[3]    "Williams was 23 years old at the time of his death. [Defendant] was 51." (*Summers*, *supra*, B176847.)

(§ 12022.53, subd. (d).) The trial court sentenced defendant to 50 years to life in state prison.

We affirmed the judgment on direct appeal. (*Summers*, *supra*, B176847.)

B. Section 1172.6 petition

On March 20, 2023, defendant filed a petition for resentencing under section 1172.6. The People opposed the petition, arguing that defendant was ineligible for relief because he was prosecuted as the actual killer and no jury instructions were given on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice. Defendant's appointed counsel declined to file a brief.

The trial court held a hearing on defendant's section 1172.6 petition on September 5, 2024. The court denied the petition, concluding that defendant had not made a prima facie showing of entitlement to relief. The court explained: "The jury was not instructed on felony-murder, natural and probable consequences or any other theory of probability [*sic*] that imputed malice to [defendant] based solely on [defendant]'s participation in the crime. [¶] Furthermore, the jury was not instructed on aiding and abetting. [Defendant] was prosecuted as the actual perpetrator and acted with actual malice, and therefore cannot avail himself of the relief offered pursuant to . . . section 1172.6."

C. Appeal

Defendant timely appealed from the order denying his section 1172.6 petition. Counsel was appointed to represent defendant in connection with the appeal. After reviewing the record, appointed counsel filed a brief raising no issues but requesting that we exercise our discretion to independently review the record.

4

On March 17, 2025, we notified defendant that he had 30 days within which to personally submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments for us to consider. We also informed defendant that his appeal could be dismissed if a supplemental brief or letter was not timely filed. Defendant filed a supplemental brief on April 1, 2025.

## DISCUSSION

We decline appellate counsel's invitation to undertake an independent review of the record. Instead, we limit our review of the order denying defendant's section 1172.6 petition to the arguments raised by defendant in his supplemental brief. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 ["If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

In his supplemental brief, defendant challenges his competency to stand trial and asserts "that he was suffering from chronic paranoid schizophrenia prior to and during trial . . . ." He contends that he was treated unfairly by the judge during trial and that a witness lied.

We are unable to provide any relief based on defendant's arguments. The sole purpose of a section 1172.6 petition is to allow persons convicted of murder or other eligible crimes to obtain retroactive relief if they could no longer be convicted under recently amended murder statutes. (§ 1172.6, subd. (a); see *People v. Lewis* (2021) 11 Cal.5th 952, 957; *People v. Duran* (2022) 84 Cal.App.5th 920, 927.) Section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's

5

findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; see also *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal"].) Defendant does not present any cogent argument directed at whether the denial of his section 1172.6 petition at the prima facie stage was erroneous, which is the only issue properly before us.

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting P. J.    CHAVEZ, J.    RICHARDSON, J.